IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION



| | |
|---|---|
| JOSEPH P. FEAGAN, *et al.*, <br> *Plaintiffs,* <br><br> v. <br><br> JAUNT, INC., <br> *Defendant.* | CASE NO. 3:05-cv-00066 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

**I. Procedural history**

Plaintiffs Feagan, White, and Richards filed a complaint on November 17, 2005, Alleging violations of the Age Discrimination in Employment act and Title VII of the Civil Rights Act. A January 23, 2006 amendment to the complaint struck the Title VII claims and replaced them with Americans with Disabilities Act claims. On September 12, 2006 Defendant Jaunt filed for summary judgment. A hearing was held on September 19, 2006, and the Plaintiffs subsequently filed a brief opposing summary judgment on September ???, 2006. At the hearing, the Plaintffs waived the ADEA claims, acknowledging that they could not prove them. Thus, only the ADA claims are currently before the Court.

**II. Facts**

The facts of this case are essentially undisputed. Plaintiffs were employed by Jaunt, a regional paratransit service, as drivers. All of them suffered from ailments which limited their

mobility and weight-bearing capacity to some degree. In particular, none of the Plaintiffs were able to assist riders confined to wheelchairs.

In 2001, Jaunt instituted a new classification system for drivers, including the categories of Driver II (Drivers with Limitations) and Driver III (Full Service Drivers). Because they could not assist patrons in wheelchairs, the Plaintiffs were classified as Driver II. Jaunt further decided to insist that all newly hired drivers be fully capable of assisting patrons with wheelchairs. To that end, Jaunt created a physical test intended to mimic the stresses placed on drivers in actual service, and required new hires to pass it. The Plaintiffs and other drivers with physical limitations were not required to pass it, and were not assigned to serve customers in wheelchairs.

In July 2004, Jaunt restructured its driver classification system. According to Jaunt's uncontested assertions, scheduling drivers in such a way as to allow the Plaintiffs and others with limitations to avoid wheelchairs was expensive, inconvenient, and the cause of inferior service for wheelchair-bound customers. Jaunt even feared legal action grounded in the ADA because of the disparities in service quality. Therefore, Jaunt began to insist that all drivers be wheelchair-capable. All Driver II (now called "temporary drivers") employees were given six months to pass the physical test and progress to Driver III (now called "Paratransit Vehicle Operators," or PVO), or be laid off. Jaunt also claims to have offered placement assistance to drivers who could not pass the test, to help them find other jobs at Jaunt or with other local transit agencies. The Plaintiffs refused to take the test and were laid off in December 2004.

### III. Standard of Review

Summary judgment is available if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) *Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d

253, 259-60 (4th Cir. 2005). The initial burden lies with the moving party to prove that there is an absence of any genuine issue of material fact. A fact is "material" if it may affect the outcome of the case. An issue of fact is "genuine" if it could cause a trier of fact to find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48. A moving party does not need to provide evidence which negates the opponent's claim. *Celotex*, 477 U.S. at 323. A party is entitled to a judgment as a matter of law when the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Id.

Here, the parties agree on the essential facts. The only dispute concerns the proper application of the statutory scheme of the Americans with Disabilities Act to the facts of the case. The case is thus ripe for decision on summary judgment.

## IV. Discussion

### A. The requirements of the ADA.

In order to state a claim for an ADA violation, Plaintiffs must first establish that they are qualified individuals with a disability. 42 U.S.C. 12112(a). In order to do that they must establish that they are individuals with a "disability" who can perform the "essential functions" of the position with or without reasonable accommodation. 29 C.F.R. 1630.2(m).

To prove that they are under a disability, they must show that they have an impairment that substantially limits one or more major life activities, that they have a record of such an impairment or that they are regarded as having such an impairment. 42 U.S.C. § 12102.

To prove that they can perform the essential functions of their job, Plaintiffs must establish that they can perform the tasks that are fundamental to the employment position and are not marginal. 29 C.FR. 1630.2(n).

If Plaintiffs can establish that they are protected the ADA, they then must prove that Jaunt discriminated against Plaintiffs in its discharge of Plaintiffs or in failing to make a reasonable accommodation of a known limitation unless making such an accommodation would impose an undue hardship on Jaunt. 42 U.S.C. 12112(a) and (b).

### B. Are plaintiffs disabled within the meaning of the ADA?

Here, none of the Plaintiffs allege that he is actually substantially limited in any major life activity, or has any record of such impairment. Rather, the Plaintiffs assert that Jaunt, by permitting them to avoid customers in wheelchairs, has "regarded" the plaintiffs as disabled, and that their dismissal resulted from this perception. That is, because Jaunt believed them incapable of safely serving customers in wheelchairs, Jaunt thought them handicapped. However, "an employer does not necessarily regard an employee as handicapped simply by finding the employee to be incapable of satisfying the singular demands of a particular job." *Forrisi v. Bowen*, 794 F.2d 931, 934 (4th Cir. 1986). Rather, the employer must regard the employee as being substantially limited in a major life activity. 29 C.F.R. 1630.2(g). "Working" is considered a major life activity only if an employee is precluded from a broad class of jobs. *Sutton v. United Air Lines*, 527 U.S. 471, 494 (1999).

There is neither any allegation nor any evidence in the record to show that Jaunt believed any of the Plaintiffs to be limited in any major life activity, or that Jaunt believed them to be precluded from a large range of possible jobs. Jaunt has asserted—and Plaintiffs have not denied—that it would have offered other driving positions to the Plaintiffs which would not have

required them to serve wheelchair-bound customers. Mem. in Support of Mot. Sum. J. at 7 (docket no. 18). Jaunt clearly does not believe plaintiffs to be incapable of performing a large range of transit jobs. Rather, they are precluded from only one particular type of transit job, that of PVO driver. Thus, Jaunt did not regard the Plaintiffs as disabled.

The opposite result would discourage employers from accommodating current employees who cannot meet the changing requirements of their jobs. If the result Plaintiffs today urge had been the law in 2000, they would have all been laid off by Jaunt in 2001, because Jaunt would have rightly feared that permitting them to continue work in a limited capacity would have made it impossible to lay them off later as Jaunt's needs changed.

### C. Are Plaintiffs "qualified individuals"?

Employers are permitted to establish qualifications for positions which may exclude even people who are classified as disabled under the ADA. Jaunt is not required to consider blind applicants for bus driver positions. Rather, employees must be able to perform the "essential functions" of their jobs either with or without accommodation. 42 U.S.C. § 12111(8). "A job function is essential if it bears more than a marginal relationship to the job at issue." *Rohan v. Networks Presentations, L.L.C.*, 375 F.3d 266, 279 (4th Cir. 2004) (internal quotations and citations omitted). These essential functions are decided in the first instanced by the employer. 42 U.S.C. § 12111(8).

Here, Jaunt has determined that all of its non-commuter drivers must be able to assist customers in wheelchairs. It has defined this ability as an "essential function" of the job of "PVO driver." The Plaintiffs have not offered any evidence or argument as to why this decision is improper or made with a discriminatory purpose. Given that the purpose of Jaunt's existence is to provide transit to persons with disabilities, this Court cannot find the ability to assist patrons

in wheelchairs is "marginal" to a PVO driver's job. Accordingly, anyone who cannot assist patrons in wheelchairs (with or without accommodation) is not "qualified" for the job of Jaunt PVO driver because he cannot perform one of the essential functions of that job.

### D. Are the Plaintiffs requesting "reasonable accommodations"?

An employer is required to offer "reasonable accommodations" to permit disabled employees to perform their essential job functions, provided that such accommodations do not impose and "undue hardship" on the employer. 42 U.S.C. § 12112(b)(5). Plaintiffs bear the burden of identifying an accommodation and persuading the Court that it is reasonable. *Lamb v. Qualex, Inc.*, 33 Fed. Appx. 49, 59 (4th Cir. 2002). The Plaintiffs here have not identified or requested any accommodation which would allow them to perform the essential function of assisting customers in wheelchairs. Rather, their requested "accommodation" is to be excused altogether from that particular aspect of their job. The ADA does not require that employers alter job requirements to suit applicants or employees. If an employee cannot perform the essential functions of a job, an employer need not retain him.

## V. Conclusion

The Americans with Disabilities Act requires that employers make reasonable accommodations to permit qualified individuals with disabilities to perform the essential functions of their jobs. Plaintiffs have failed to satisfy any of these requirements. Because they are not impaired or regarded as impaired in any major life activity, they are not disabled under the Act. Because they cannot perform the essential job function of assisting patrons in wheelchairs, they are not qualified. And finally, they have not identified any accommodation, reasonable or otherwise, which would allow them to do their jobs, but have rather requested that the requirements of the job be adjusted to suit them.

For these reasons, summary judgment in favor of the defendants will be granted in an order to follow.

The Clerk of the Court is directed to send a certified copy of this Opinion to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

Sept. 27, 2006
Date